IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| BRYANT RICHARD YAKE, <br><br> Plaintiff, <br><br> v. <br><br> RN MECHOLSKY, et al., <br><br> Defendants. | Civil No. 22-146 (RMB/MJS) <br><br> **OPINION** |

**RENÉE MARIE BUMB, United States District Judge**

This matter comes before the Court upon the filing of a prisoner civil rights complaint (Docket No. 1) by pro se Plaintiff Bryant Richard Yake ("Plaintiff"), who was a pretrial detainee in Salem County Jail in Woodstown, New Jersey when he filed the instant complaint. Plaintiff did not pay the $402 filing and administrative fees nor did he submit an application to proceed without prepayment of the filing fee under 28 U.S.C. § 1915. ("IFP Application"). Thus, the Court will administratively terminate this action, subject to reopening upon payment of the filing fee or submission of an IFP application that establishes Plaintiff's financial eligibility to proceed without payment of the filing fee. Furthermore, for the reasons discussed below, the Court will *sua sponte* dismiss the complaint for failure to state a claim. If

Plaintiff can cure the deficiencies in his claims, he may file an amended complaint within 30 days of the date of entry of this Opinion.

### I.   Sua Sponte Dismissal

When a prisoner files a civil action against government officials or employees, courts must, pursuant to 28 U.S.C. § 1915A(b), review the complaint and *sua sponte* dismiss any claims that are: (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. District courts may screen complaints prior to addressing pro se plaintiffs' IFP applications. *Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019).

Courts must liberally construe pleadings that are filed pro se. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Thus, "a pro se complaint, however inartfully pleaded, must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (internal quotation marks omitted). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

"[T]he legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915A is identical to the legal standard employed in ruling on 12(b)(6) motions." *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556.)  Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. *Id.*

Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice but must permit the amendment. *Grayson v. Mayview State Hospital*, 293 F.3d 103, 108 (3d Cir. 2002).

## II. DISCUSSION

### A. The Complaint

The defendants to this action, brought under 42 U.S.C. § 1983, are RN Mecholsky, Dr. American, RN Woodside, and Warden John Cuzzupe, all employed at Salem County Jail.  (Docket No. 1 at 4-5.)  Plaintiff alleges

> [b]etween the dates of 10-15-20 until December of 2021 the medical staff and warden violated my 8th Amendment rights to be protected from cruel and unusual punishment, deliberate indifference to a serious need and expose me to unreasonable risk of serious harm and also my 14th Amendment due process right.  Given the [opportunity] to get the printouts off the kiosk I could show you exact dates

>and how I was denied timely medical treatment [and] basic medical care and a misdiagnosis of breast cancer.
>
>See ex[h]ibit A through D.

(Compl., Docket No. 1 at 5-6.)

### B. Claims under 42 U.S.C. § 1983

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress….

Thus, to state a claim for relief under § 1983, a plaintiff must allege: 1) the violation of a right secured by the Constitution or laws of the United States; and 2) that the alleged deprivation was committed or caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255–56 (3d Cir. 1994).

Pretrial detainees' Fourteenth Amendment claims of inadequate medical care are analyzed under the same standard as similar claims brought by convicted and sentenced prisoners. *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003). "Deliberate indifference to a prisoner's serious illness or injury states a cause of action under s 1983." *Estelle v. Gamble*, 429 U.S. 97, 105 (1976)). Allegations of negligence are insufficient; "[i]n order to state a cognizable claim, a prisoner must

allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle*, 429 U.S. at 106. The Third Circuit has found deliberate indifference where a prison official:

> (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment. *See Durmer*, 991 F.2d at 68 (citing *Monmouth County Correctional Inst. Inmates v. Lanzaro*, 834 F.2d 326, 346–47 (3d Cir.1987)).

*Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).

The Rule 8(a)(2) requirement for a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief" is not met when a pleading 'is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it." *Garrett v. Wexford Health*, 938 F.3d 69, 93 (3d Cir. 2019) (citations omitted). The pleading itself, while it may refer to material in the exhibits, must present sufficient facts to present a cognizable legal claim that is sufficient for each defendant to form a response to the allegations. *Id.* Plaintiff's bare allegation that the defendants' conduct meets the legal standard for a Fourteenth Amendment inadequate medical care claim is insufficient to put each defendant on notice of what he or she is alleged to have done in violation of Plaintiff's constitutional rights. Moreover, "a diagnostic failure, at worst, amounts to medical malpractice, which is not actionable" as a constitutional claim. *Stewart v. Pennsylvania Dep't of Corr.*, 677 F. App'x 816, 820 (3d Cir. 2017). More must be alleged in the complaint, although Plaintiff need not plead every detail, he must generally plead the discrete actions taken by each defendant that

constitute deliberate indifference to his serious medical needs. *See, Garrett*, 938 F.3d at 93 (3d Cir. 2019) (internal quotations and citation omitted) (noting that a pleading is sufficient when it "identifies discrete defendants and the actions taken by the[] defendants in regard to the plaintiff's claims.")

    **C.**    **State Law Claims**

Liberally construing the complaint, Plaintiff may be attempting to bring state law claims of medical malpractice against the medical defendants. When a district court dismisses all of the claims over which it has original jurisdiction, it may decline to exercise supplemental jurisdiction over the state law claims. 28 U.S.C. § 1367(c)(3). This Court will decline to exercise supplemental jurisdiction over any state law claims at this time.

## III.   CONCLUSION

For the reasons stated above, the Court will dismiss the complaint without prejudice. If Plaintiff can cure the deficiencies in his claims, he may file an amended complaint within 30 days of the date of entry of this Opinion.
An appropriate Order follows.

**May 13, 2022** Date                      s/Renée Marie Bumb
                                               Renée Marie Bumb
                                               United States District Judge